*1538 Appeals from an order of the Supreme Court, Erie County (Thomas J. Drury, J.), entered June 12, 2012. The order, inter alia, granted the motion of plaintiff for partial summary judgment on liability against defendants the Vineyards of Fredonia, LLC and Winter-Pfohl, Inc.
It is hereby ordered that the order so appealed from is modified on the law by denying plaintiffs motion and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries he sustained when he fell at a construction site. Plaintiff moved for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) claim, defendant Winter-Pfohl, Inc., cross-moved for, inter alia, summary judgment dismissing that claim against it, defendant the Vineyards of Fredonia, LLC (the Vineyards) opposed plaintiffs motion and also sought dismissal of the Labor Law § 240 (1) claim, and third-party defendant opposed both the motion and the cross motion. The Vineyards, Winter-Pfohl, Inc., and third-party defendant (collectively, defendants) appeal from an order that, among other things, granted the motion and denied the cross motion.
Contrary to the contention of defendants, Supreme Court properly concluded that plaintiffs fall was the result of an elevation-related risk for which Labor Law § 240 (1) provides protection. Plaintiff alleged that he fell when his stilts slipped on ice while he was installing insulation at an elevated level, i.e., the ceiling. It is well settled that “[t]he contemplated hazards [covered by the statute] are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured” (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]). Here, the “risk was created by the need to elevate plaintiff to the height [of the ceiling], and the [stilts were] the . . . safety device provided to protect the worker from the risk inherent in having to work at a height” (Felker v Corning Inc., 90 NY2d 219, 224 [1997]). Inasmuch as the stilts “failed while plaintiff was installing the [insulation on the ceiling] — work requiring the statute’s special protections” (Melber v 6333 Main St., 91 NY2d 759, 763-764 [1998]), the court properly concluded that the statute applies to plaintiffs section 240 (1) claim. Consequently, the court properly denied the cross motion.
*1539 Nevertheless, we agree with defendants’ further contention that the court erred in granting the motion because we conclude that there is a triable issue of fact whether plaintiffs actions were the sole proximate cause of his injuries. Although plaintiff met his initial burden on the motion (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), defendants raised a triable issue of fact by introducing evidence that he was directed not to work in the area where the ice was located. Thus, “ ‘[u]n-like those situations in which a safety device fails for no apparent reason, thereby raising the presumption that the device did not provide proper protection within the meaning of Labor Law § 240 (1), here there is a question of fact [concerning] whether the injured plaintiffs fall [resulted from] his own misuse of the safety device and whether such conduct was the sole proximate cause of his injuries’ ” (Thome v Benchmark Main Tr. Assoc., LLC, 86 AD3d 938, 940 [2011]). We therefore modify the order accordingly.
We have considered defendants’ remaining contentions and conclude that they are without merit.
All concur except Fahey and Whalen, JJ., who dissent and vote to affirm in the following memorandum.